Argued and submitted December 15, 2020, affirmed March 2, petition for review denied July 28, 2022 (370 Or 198)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ROSEMERY ECHO FAITH WISE-WELSH,
*Defendant-Appellant.*

Lane County Circuit Court
18CR70028; A170156

506 P3d 454

Debra E. Velure, Judge.

Sara F. Werboff, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

David B. Thompson, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Mooney, Presiding Judge, and Pagán, Judge, and DeVore, Senior Judge.*

PER CURIAM

Affirmed.

_____
* Pagán, J., *vice* DeHoog, J. pro tempore.

**PER CURIAM**

Defendant was convicted by a jury of one count of unlawful possession of methamphetamine. On appeal, defendant challenges the trial court's denial of her motion to suppress. We affirm.

The relevant facts are undisputed. In a parking lot of a closed public boat ramp, an officer encountered defendant with two others in a parked vehicle. The officer initially contacted the occupants of the car to investigate the crime of trespassing. The driver volunteered to have the officer search the vehicle for drugs. The officer opened the passenger door where defendant was seated and saw a glass pipe containing crystalline residue in between the passenger seat and door. The officer ordered defendant to leave the vehicle and saw her open purse on the floor in front of her seat. A syringe, with the plunger pulled back suggesting it was ready for use, was visible inside the open purse. Believing that the pipe contained methamphetamine and that the syringe was likewise going to be used for ingesting methamphetamine, the officer seized the syringe. The officer later determined that the syringe contained methamphetamine.

Defendant moved to suppress the syringe and statements she made after it was seized. The trial court denied the motion and defendant was subsequently found guilty by a jury of a single count of unlawful possession of methamphetamine.

On appeal, defendant makes two arguments. First, she argues that the officer unlawfully extended the stop and the scope of the investigation beyond the initial trespass inquiry. We reject that argument as unpreserved. Second, she argues that the plain-view doctrine did not justify seizure of the syringe because the incriminating character of the syringe was not "immediately apparent."

Regarding the second argument, the facts of this case are most analogous to *State v. Stock*, 209 Or App 7, 146 P3d 393 (2006), where we concluded that, in the totality of the circumstances, the search of a folded bottle cap containing a plastic bag was supported by probable cause. Although *Stock* was decided in the context of a vehicle inventory

search, the probable cause determination is identical in the context of the plain-view doctrine. *Compare Stock*, 209 Or App at 13, *with State v. Currin*, 258 Or App 715, 719, 311 P3d 903 (2013) (applying the plain-view doctrine and explaining that, under Article I, section 9, probable cause requires that an officer subjectively believe that a crime has been committed, and thus that a person or thing is subject to seizure, and that the belief be objectively reasonable in the circumstances); *see also Texas v. Brown*, 460 US 730, 740-42, 103 S Ct 1535, 75 L Ed 2d 502 (1983) (equating the "immediately apparent" standard required for plain view with probable cause for Fourth Amendment purposes).

Although we agree with defendant that syringes are not contraband categorically subject to seizure, *State v. Oller*, 277 Or App 529, 537, 371 P3d 1268 (2016), *rev den*, 361 Or 803 (2017), we have consistently explained that normally benign objects may nonetheless be subject to seizure as evidence of a crime. *See, e.g.*, *Stock*, 209 Or App at 13. "Whether an officer may be said to have probable cause to believe that a particular [object] contains drugs depends on the nature of the [object] itself, as well as on the context in which [it] was found and on the knowledge and experience of the officer who finds it." *Id.*; *see also State v. Sargent*, 323 Or 455, 463, 918 P2d 819 (1996) (plain-view seizure of pager, needles, and papers containing numbers was justified based on circumstances of being lawfully present in an apartment where drug dealing was reported with persons who had history of drug use). In light of the circumstances of this case, the officer's subjective belief that the syringe contained contraband was objectively reasonable. The officer had probable cause that defendant was in possession of methamphetamine and, thus, he properly seized the syringe under the plain-view doctrine.

We conclude that the trial court did not err by denying the motion to suppress.

Affirmed.